**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1624**

QING LIN,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 4, 2012        Decided:  December 19, 2012

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Adedayo O. Idowu, LAW OFFICES OF ADEDAYO O. IDOWU, PLLC, New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Thomas B. Fatouros, Senior Litigation Counsel, Jeffrey R. Meyer, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Qing Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining the Attorney General's appeal from the immigration judge's order granting Lin's application for asylum. The Board found no clear error with the immigration judge's adverse credibility finding or the finding that Lin failed to show past persecution, but vacated the immigration judge's finding that Lin had a well-founded fear of persecution and ordered him removed. We deny the petition for review.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). An alien "bear[s] the burden of proving eligibility for asylum." Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2012). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-

founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

For asylum applications filed after the passage of the REAL ID Act of 2005, a trier of fact, "considering the totality of the circumstances and all relevant factors," may base a

credibility determination on any inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). Thus, "an [immigration judge's] adverse credibility determination need no longer rest solely on those matters fundamental to an alien's claim for relief under the INA." Singh v. Holder, 699 F.3d 321, 329 (4th Cir. 2012). "[I]n evaluating an asylum applicant's credibility, an [immigration judge] may rely on omissions and inconsistencies that do not directly relate to the applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible." Xiu Xia Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir. 2008).

This court reviews credibility findings for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989); see also Singh, 699 F.3d at 329 (the more flexible approach to credibility determinations does not alter the requirement that the immigration judge offer specific and cogent reasons). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony." Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks

4

omitted). This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

We conclude that the immigration judge offered specific and cogent reasons to support the adverse credibility finding, particularly the evidence showing an inconsistency regarding why Lin came to the United States and inconsistent testimony between Lin and his witness regarding when Lin was introduced to Christianity. The record does not compel a different result. Because Lin's testimony was found not credible and there was no independent evidence supporting the finding that he was persecuted, we conclude that substantial evidence supports the finding that Lin did not establish past persecution.

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih, 371 F.3d at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances

to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li v. Gonzales, 405 F.3d 171, 176 (4th Cir. 2005) (internal quotation marks and citations omitted).

Lin need not show he would be individually targeted for persecution if he shows that there is "a pattern or practice in his or her country of nationality of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.13(b)(2)(iii) (2012). Lin must show that the persecution is "thorough or systemic." Yong Hao Chen v. INS, 195 F.3d 198, 203 (4th Cir. 1999); see also Ngure v. Ashcroft, 367 F.3d 975, 991 (8th Cir. 2004) (to be a pattern or practice of persecution, the persecution must be "systemic, pervasive or organized"). The persecution of unregistered church members must be so widespread that there is a reasonable possibility of persecution. Sugiarto v. Holder, 586 F.3d 90, 97 (1st Cir. 2009).

6

We conclude that substantial evidence supports the finding that Lin did not show that there was a pattern or practice of persecuting members of unregistered churches to such a degree that persons in Lin's position face a reasonable possibility of persecution.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED